**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SPORTCRETE LIMITED, a United
Kingdom corporation,,

    Plaintiff,

-vs-                                                Case No. 6:11-cv-175-Orl-18GJK

MARTIN STERNBERG, an individual,
SPORTCRETE OF FLORIDA, INC., an
inactive Florida corporation,
CELEBRATION GOLF SERVICES, LLC, a
Florida limited liability company, MS GOLF
AB, a Swedish corporation, and
STERNBERG GOLF SERVICES AB, a
Swedish corporation, ,

    Defendants.

## ORDER

THIS CAUSE comes for consideration on Defendant Celebration Golf Services, LLC's ("Celebration") Motion to Dismiss (Doc. 31, filed Apr. 4 2011). Plaintiff Sportcrete Limited has responded in opposition. (Doc. 34, filed Apr. 18, 2011.) On the basis that Sportcrete Limited has not adequately shown itself to be the proper party to bring suit against Celebration, the Court grants Defendant's motion but does so without prejudice.

### I. BACKGROUND

Plaintiff Sportcrete Limited is a United Kingdom corporation in the business of distributing synthetic materials used in golf course construction and maintenance including "Sportcrete," a synthetic bunker liner. (Doc. 1 at 5, filed Feb. 2, 2011.) On March 24, 2008, Sportcrete Limited entered into a confidentiality agreement with Martin Sternberg on behalf of Sternberg Golf Services,

a Swedish corporation, and a distribution agreement with MS Golf AB, a Swedish corporation ("European Distributorship Agreement").[1] (Id. at 9.) The European Distributorship Agreement granted exclusive rights to sell and distribute Sportcrete products in Sweeden, Norway, Finland, Iceland, Denmark and Russia for five years or until terminated pursuant to the agreement. (Id. at 11.) On May 25, 2008, Sportcrete LLC, a Nevada entity distinct from Sportcrete Limited, entered into a distribution agreement with Celebration, a Florida corporation, for distribution rights to Sportcrete LLC products within the state of Florida for five years or until terminated pursuant to the agreement ("Florida Distributorship Agreement"). (Id.) Defendant Martin Sternberg signed the Florida distributorship agreement on behalf of Celebration. (Id.) From the pleadings, it appears that the Florida Distributorship Agreement is the only agreement that Celebration signed.

On November 11, 2010, Sternberg terminated both the European Distributorship Agreement and the Florida Distributorship Agreement via letter to Sportcrete Limited. (Id. at 14-15.) Sportcrete Limited alleges that following the termination of the distribution agreements Celebration distributed Capillary Concrete, a product allegedly identical to a product developed and distributed by Sportcrete Limited. (Id. at 16.) Sportcrete Limited contends that this act was in violation of the Florida Distributorship Agreement. (Id. at 16.) Specifically, Sportcrete Limited alleges tortious interference with advantageous business relationships, breach of distributorship agreement, replevin, and unjust enrichment against Celebration.[2] Celebration now moves to dismiss the complaint on the grounds that Sportcrete Limited lacks standing to proceed on issues arising from alleged violations of the

---

[1] In the pleadings, Sportcrete Limited does not allege that Celebration was a party to either the European Distributorship Agreement or the Florida Distributorship Agreement. (Doc. 1 at 9.)

[2] These violations are numbered by Plaintiff as Count III, Count III (sic), Count IV, and Count V respectively. (Doc. 1 at 20-26.)

Florida Distributorship Agreement because Sportcrete Limited is not a party to the contract with Celebration.

## II. DISCUSSION

"[S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Dillard v. Baldwin County Comm'rs, 225 F.3d 1271, 1275 (11th Cir. 2000). A district court must consider standing even if not compelled to do so by motion. AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1360 (11th Cir. 2007). District courts are courts of limited subject matter jurisdiction and "have the power to decide only certain types of cases." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Inquiries into standing acknowledge a limitation on jurisdiction "stemm[ing] directly from Article III's 'case or controversy' requirement," and "implicat[ing] [the court's] subject matter jurisdiction." Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1242 (11th Cir. 2003) (internal citations omitted).

Standing considers whether the plaintiff is the proper party to bring the action. Raines v. Byrd, 521 U.S. 811, 818 (1997) (citing Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976). The plaintiff has the burden of showing standing and must do so via the contents of initial pleadings. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 976 (11th Cir. 2005). In doing so, the plaintiff is limited to "assert[ing] his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490,

499-500 (1975). To allow otherwise would place in peril the significance of the adversarial process and subject the system to a deluge of cases brought by disinterested parties.

In its motion to dismiss, Celebration points out that Sportcrete Limited solely relies on the Florida Distributorship Agreement as the basis for their present action against Celebration. (Doc. 31 at 2.) Celebration goes on to argue that Sportcrete Limited's complaint fails to sufficiently allege that Sportcrete Limited was either a party or a beneficiary to the Florida Distributorship Agreement. (Doc. 31 at 2.) Because Celebration asserts a lack of standing to sue based on the allegations of Sportcrete Limited's own complaint, its motion is best considered a facial challenge to subject matter jurisdiction. Facial challenges to subject matter jurisdiction are based on the allegations in the complaint, taken at face value, and evaluated to determine whether they adequately allege subject matter jurisdiction. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.1990). Thus, the Court need not consider facts or avenues of relief not alleged in the complaint. Whitson v. Staff Acquisition, Inc., 41 F. Supp. 2d 1294, 1296 (M.D. Ala. 1999) (citing Sea Vessel Inc. V. Reyes, 23 F.3d 345, 347 (11th Cir. 1994).

As Celebration rightly contends, the Florida Distributorship Agreement is a contract "between Sportcrete LLC, a company organised (sic) and existing under the laws of Nevada" and "Celebration Golf Services, a company organised (sic) and existing under the laws of Florida." (Doc. 1-1 at 33, filed Feb. 2, 2011.) The Florida Distributorship Agreement grants Celebration the rights to distribute products in Florida that were "manufactured and licensed" by Sportcrete LLC. (Id.) The Florida Distributorship Agreement neither references Sportcrete Limited on its face nor concerns Sportcrete Limited's products. Sportcrete Limited, a UK corporation, while bearing a similar name to Sportcrete LLC, is not a party to the Florida Distributorship Agreement.

The Complaint neither includes Sportcrete LLC as a party to the action nor asserts allegations to suggest capacity to sue on behalf of the Sportcrete LLC in discussing the Florida Distributorship Agreement. The Complaint also does not allege that Sportcrete Limited is a non-party beneficiary to the Florida Distributorship Agreement. In fact, Sportcrete Limited made no mention of Sportcrete LLC until it referenced Sportcrete LLC in a footnote in the response to the motion to dismiss. (Doc. 34 at 4 n.1.) As alleged, Sportcrete Limited therefore lacks standing in its claims arising from the Florida Distributorship Agreement against Celebration. As a result, this court lacks jurisdiction to adjudicate the claims Sportcrete Limited alleges against Celebration and the claims against Celebration must be dismissed.

However, Celebration's request for dismissal with prejudice for lack of standing is contrary to settled precedent in this circuit. When a complaint is dismissed for lack of standing it "has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." Cone Corp. v. Fla. Dep't of Transportation, 921 F.2d 1190, 1203 n.42 (11th Cir.1991) (citing Morast v. Lance, 807 F.2d 926, 932 n.6 (11th Cir.1987)). Under Fed.R.Civ.P. 12(b)(1), dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice. Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (citing Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir.1984)). A failure to adequately plead standing is treated in the Eleventh Circuit as a failure to establish subject matter jurisdiction and must be dismissed without prejudice. See Stalley, 524 F.3d at 1232-33. Thus, Sportcrete Limited's claims against Celebration must be dismissed without prejudice.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion of Dismiss (Doc. 31) is hereby **GRANTED**. Counts I, III, III (sic), IV, and V of the Complaint are **DISMISSED without prejudice** as to Defendant Celebration Golf Services, LLC only.

**DONE** and **ORDERED** in Orlando, Florida on this ___7___ day of July, 2011

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties